UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| PETER CELESTINE | CIVIL ACTION NO. 09-1239-LC |
| VS. | SECTION "P" |
| MARK ESTES, ET AL | JUDGE MINALDI<br>MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Before the court is a civil rights (42 U.S.C.§1983) complaint filed *in forma pauperis* by pro se plaintiff Peter Celestine on July 24, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at Allen Correctional Center (ACC) in Kinder, Louisiana. Plaintiff alleges his civil rights were violated while incarcerated at ACC, and he names the following as defendants herein: ACC Wardens Mark Estes, Anthony Allemend, and Keith Cooley, as well as ACC program manager Jennifer Allemend.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff claims defendants Estes, Allemend, and Cooley (the "Wardens") have interfered with his right to practice Hinduism, which is his chosen religion. More specifically, he states that the wardens have denied him equal time in the prison chapel and they are not allowing him

-1-

to use a room in the educational building in the evening. Plaintiff alleges that the wardens give the Christian and Muslim prisoners equal time in the prison chapel and in the educational building to practice their religion. He claims that the wardens told him that Hinduism is not recognized in Louisiana like the Christian and Muslim religions are. Plaintiff states that the administrative policy is for the convenience of the Christians and Muslims rather than for the Hindu religion. He continues by alleging that the wardens are not supplying him with a required Hindu vegetarian diet.

Plaintiff then claims that ACC program manager Jennifer Allemend is discriminating against him by refusing to move him from his current dormitory. Specifically, he states that it is Jennifer Allemend's responsibility to place inmates on jobs and in dorms. Plaintiff is in Jupiter dorm, which is a disciplinary dorm where inmates are required to stay for 90 days. He states that he has been in that dorm for over eight months, and that on June 25, 2009, he talked with a Jupiter case manager about moving out of the dorm. The case manager told him that Jennifer Allemend said that plaintiff would never be moved out of the dorm.

As a result of the above actions, plaintiff seeks $80,000.00 in compensatory damages for the emotional distress that he has suffered.

## LAW AND ANALYSIS

1. *Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A;

28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).  District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous.  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff has provided a description of the theories which he claims entitles him to relief and he has recited facts supporting those theories. Based upon plaintiff's pleadings, the court is

convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

## 2. *Practice of Religion – First and Fourteenth Amendments*

Plaintiff claims that his right to practice Hinduism has been curtailed by defendants Estes, Allemend, and Cooley. Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion. Nevertheless, lawful incarceration, by its very nature, brings about the necessary withdrawal or limitation of many privileges and rights. The limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives. See *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987).

The standard for evaluating an inmate's claim that a prison regulation or practice improperly restricts his right to the free exercise of his religion requires the court to evaluate the regulation or practice in order to determine whether it "is reasonably related to legitimate penological interests." *Id.* at 349. The "reasonableness" of a regulation or practice is evaluated based upon the following inquiry: (1) Is there a valid, rational connection between the prison practice and the legitimate governmental interest put forward by prison officials to justify the practice; (2) Are there alternative means of exercising the right that remain open to prison inmates, that is, are inmates allowed other means to express their religious beliefs on a general

4

level; (3) What impact will accommodation of the asserted constitutional right have on guards and other inmates and on the allocation of prison resources generally; and, (4) Are alternatives to the prison practice available that would accommodate the inmates' rights at a *de minimis* cost to valid penological interests? *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), *Green v. Polunsky*, 229 F.3d 486, 489-90 (5th Cir.2000). Each factor need not be considered, and the factors need not be evaluated evenly. *Scott v. Mississippi Dep't of Corrections*, 961 F.2d 77, 80 (5th Cir.1992).

Plaintiff claims that his right to freely exercise his religion has been impaired as the wardens have denied him equal time in the prison chapel and they are not allowing him to use a room in the educational building in the evening. Plaintiff also states that the wardens are not supplying him with a required Hindu vegetarian diet.

With regard to the first prong of the *Turner* test, plaintiff has not alleged that prison officials have <u>prohibited</u> him from practicing his religion. Indeed, according to the available evidence, plaintiff has never been prohibited from practicing his religion.

The second and fourth prongs of the *Turner* test, address whether or not "alternative means" of practicing his religion have been made available to the plaintiff. In analyzing the availability to inmates of "alternative means" of exercising their religion, however, "[t]he pertinent question is not whether the inmates have been denied specific religious accommodations, but whether, more broadly, <u>the prison affords the inmates opportunities to exercise their faith</u>." *Freeman v. Texas Department of Criminal Justice*, 369 F.3d 854, 861 (5th Cir.2004); *Adkins v. Kaspar*, 393 F.3d 559, 564 (5th Cir. 2004). Plaintiff has not claimed that he was denied the right to practice his religion at any time. In *O'Lone v. Estate of Shabazz, supra.*,

5

the inmate-plaintiffs complained that they were not allowed to attend the weekly Muslim congregational service held on Friday evenings because of their assignments to work details outside the main prison grounds. *O'Lone v. Estate of Shabazz*, 482 U.S. at 345-46. The Supreme Court considered the evidence supplied by the prison administration regarding security needs, rehabilitative needs, and the impact of alternative accommodations; this evidence was evaluated in the light of those rights actually retained by the inmates to practice their religion. The Court then noted that the plaintiff- inmates were not deprived of <u>all</u> forms of religious exercise. Based upon these facts, the Supreme Court held that the "ability on the part of [the inmates] to participate in <u>other religious observances</u> of their faith supports the conclusion that the restrictions at issue here were reasonable." *Id.* at 352.

      To the extent that plaintiff implies that his Equal Protection rights were violated under the Fourteenth Amendment with respect to his ability to practice his religion in a manner similar to that permitted by Christians and Muslims incarcerated at ACC, such a claim likewise lacks merit. This is so because, "[t]o succeed on his equal protection claim, [plaintiff] must prove purposeful discrimination resulting in a discriminatory effect among persons similarly situated." *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir.1992) ( citing *McCleskey v. Kemp*, 481 U.S. 279 (1987)). The Fourteenth Amendment requires that all persons similarly situated shall be treated alike, but it does not demand "that every religious sect or group within a prison – however few in numbers – must have identical facilities or personnel." *Cruz v. Beto*, 405 U.S. 319, 322 n. 2, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). Again, prison administrators are obliged only to provide inmates with "reasonable <u>opportunities</u> ... to exercise the religious freedoms guaranteed by the First and Fourteenth Amendments." *Id.* at 322 n. 2, 92 S.Ct. 1079. Like the

plaintiffs in *O'Lone v. Estate of Shabazz*, this plaintiff <u>has not, nor can he show that he has been deprived of all means of religious expression.</u>

With regard to the dietary complaints, plaintiff's claim fares no better. Dietary issues are clearly related to legitimate penological interests in providing proper nutritious meals to <u>all</u> the prisoners without undue cost. *Baranowski v. Hart*, 486 F.3d 112 (5th Cir.2007) (holding that prison officials failure to provide kosher meals did not violate inmates free exercise rights). The Fifth Circuit has held that the first factor in the *Turner* test, whether there is a rational relationship between the regulation and the legitimate government interest advanced, is the controlling question, and the other factors merely help a court determine if the connection is logical. *Scott v. Miss. Dep't of Corr.*, 961 F.2d 77, 81 (5th Cir.1992) (commenting that neither *Turner* nor *O'Lone* require courts to weigh evenly, or even consider the other three factors). Thus, the dietary complaints are clearly frivolous under established Fifth Circuit and Supreme Court jurisprudence.

In short, plaintiff has failed to demonstrate that his First Amendment free-exercise right has been violated. See *Mumin v. Phelps*, 857 F.2d 1055, 1056 (5th Cir.1988) (holding that even a prison regulation which <u>prohibited</u> Muslim inmates from attending Friday services was not unconstitutionally restrictive because it satisfied all four "reasonableness" considerations).

"[T]he loss of [plaintiff's] absolute freedom of religious expression is but one sacrifice required by [his] incarceration...." *Scott v. Mississippi Dep't of Corrections*, 961 F.2d at 82. See *Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir.1995) ("Reasonable time, place, or manner restrictions upon ... religious gatherings do not necessitate the identification of a compelling state interest.") Accordingly, the undersigned concludes that

plaintiff's First Amendment free exercise of religion claim is frivolous.

### 3. *Jail Placement*

Plaintiff claims that his constitutional rights have also been violated because ACC program manager, Jennifer Allemend, refuses to move him from his current dormitory. Specifically, he states that it is Jennifer Allemend's responsibility to place inmates on jobs and in dorms. Plaintiff is in Jupiter dorm, which is a disciplinary dorm where inmates are required to stay for 90 days. He states that he has been in that dorm for over eight months, and that on June 25, 2009, he talked with a Jupiter case manager about moving out of the dorm. The case manager told him that Jennifer Allemend said that plaintiff would never be moved out of the dorm.[1]

Plaintiff's claim on this point is without merit. He has shown no harm as a result of not being moved, and he has no inherent constitutional right to be housed in any particular part of the jail. See *Olim v. Wakinekona*, 461 U.S. 238, 244-46 (1983). Furthermore, in matters of prison administration, the Federal Courts exercise a "minimum intrusion policy." *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir.1990). The decisions of prison administrators are given wide discretion in the operation of prison facilities.

Additionally, plaintiff's conclusory statement that Jennifer Allemend is discriminating among inmates on the basis of race and handicap is insufficient to establish a constitutional violation. Plaintiff has offered nothing to show that his remaining in the dorm was motivated by race or any handicap. In fact, plaintiff admits that Jennifer Allemend has moved inmates out

---

[1] Plaintiff also makes a broad statement that defendant Jennifer Allemend is discriminating among the inmates on the basis of race and handicap.

of the dorm that have only been there for 30 days and has given them jobs in 30 days also. Plaintiff's statement that Allemend is "discriminating among inmates" is conclusory, does not offer any information relative to plaintiff, and does not show any constitutional violation.

Accordingly, plaintiff's claims against defendant Jennifer Allemend should be dismissed.

### *4. 42 U.S.C. §1997e(e)*

In addition, plaintiff prayed for compensatory damages "... for the mental, emotional and psychological anguish plaintiff has sustained as a result of the actions of the defendants..." [doc. 1-3, p. 6]  Plaintiff has not alleged any physical injury resulting from the allegedly unconstitutional actions of the defendant.

42 U.S.C. § 1997e was amended by the Prison Litigation and Reform Act of 1996. Under the current version of the statute,  prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." *Crawford-el v. Britton*, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998).  The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant.  *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997).  Plaintiff has alleged no physical injury resulting from the complained of acts of the defendants. Plaintiff has not even alleged injuries which are *de minimis* and therefore his complaint seeking monetary damages as compensation for mental injuries fails to state a claim for which relief may be granted. See *Herman v. Holiday*, 238 F.3d 660, 666 (5th Cir.2001).

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED,** in chambers, in Lake Charles, Louisiana, this 20th day of January, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE